# United States Court of Appeals for the Fifth Circuit

---

No. 23-50044
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Allen Houston James,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CR-106-1

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Allen Houston James appeals the district court's denial of his motion to reopen his detention hearing under 18 U.S.C. § 3142(f). We review the district court's ruling for abuse of discretion. *See United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). Absent an error of law, we will affirm if

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the district court's order is supported by the proceedings. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). A district court may reopen a detention hearing any time before trial if it finds "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f)(2); *see Hare*, 873 F.2d at 799.

According to James, reopening of the detention hearing was warranted based on the following new evidence which he alleged the Government provided in discovery nearly one year after his detention: (1) a second source of DNA was found on the victim's bedsheet, which was later identified as belonging to a known sex offender; (2) DNA evidence was also found on a cigarette butt in the victim's room; (3) investigators previously interviewed James, verified his alibi, and excluded him as a suspect; (4) the victim could not identify James as the attacker from a photograph; (5) the package containing the victim's sheet was torn open and possibly contaminated; and (6) the victim did not recall whether there was a sexual component to the attack. He also relies on a report written by Michael J. Spence, Ph.D., an expert hired by the defense.

James has not established that this information is new or was unknown to him at the time of the previous detention hearing or why he could not have obtained it earlier. *See* § 3142(f)(2); *Hare*, 873 F.2d at 799. Further, even if the evidence is new or was previously unknown to him, the district court did not abuse its discretion in denying the motion to reopen because James did not show that the evidence established he was less likely to be a flight risk or a danger to any person or the community. *See* § 3142(f)(2); *Rueben*, 974 F.2d at 586; *Hare*, 873 F.2d at 798.

No. 23-50044

AFFIRMED.